811 F.2d 1504
 124 L.R.R.M. (BNA) 2560
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CORSON AND GRUMAN COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 86-3816.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 12, 1986.
Decided Jan. 30, 1987.
 
 Before RUSSELL, Circuit Judge, and BUTZNER, Senior Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 John William Mannix (Law Offices of John William Mannix, on brief), for petitioner,
 Stephen Smith, National Labor Relations Board (Collis Suzanne Stocking, Supervisory Attorney; Rosemary M. Collyer, General Counsel; John E. Higgins, Jr., Deputy General Counsel; Robert E. Allen, Associate General Counsel; Elliott Moore, Deputy Associate General Counsel, on brief), for respondent.
 PER CURIAM:
 
 
 1
 Corson and Gruman Company, an asphalt paving contractor now headquartered in Jessup, Maryland, petitions for review of an order of the National Labor Relations Board (Board) directing the Company to disclose certain information about its corporate structure, personnel, and operations to the Metropolitan D.C. Paving, Highway and Construction Materials Council (Union). The Board held that the Union, in requesting the information, had a reasonable basis for suspecting that the Company was violating the collective bargaining agreement with the Union. We find that there was substantial evidence to support the Board's decision and we therefore affirm the decision of the Board and grant the Board's cross-petition for enforcement.
 
 
 2
 In March 1984, when the company was operating primarily in the District of Columbia, the Union began receiving reports from its members that some of the Company's work was actually being performed by Prince George's Contractors, a nonunion firm licensed to work in Maryland and the District of Columbia. The Union's president testified that in the spring of 1984 he personally saw the Company's employees and equipment working on a job in Maryland for which Prince George's Contractors was the contractor of record. Records in the Union's files disclosed that certain principals were common to both the Company and Prince George's Contractors.
 
 
 3
 In October 1984 the Union received reports that the Company was going out of business and that its plant would "be under" General Paving, a nonunion firm licensed to work in Virginia. The Company and General Paving are both wholly owned subsidiaries of CG Enterprises, a holding company.
 
 
 4
 Based on these reports and observations, the Union requested information from the Company that could reveal the extent to which Prince George's Contractors and General Paving were in an alter ego or single employer relationship with the Company in violation of Sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act, 29 U.S.C. Secs. 158(a)(5) and (a)(1). After the Company refused to provide this information the Union filed an unfair labor practice charge in order to compel disclosure. The Administrative Law Judge (ALJ) ordered disclosure and the Board affirmed.
 
 
 5
 Although a Union's request for information may not be based on its own bare assertion, Detroit Edison Co. v. NLRB, 440 U.S. 301, 314 (1979), the Union's burden is relatively light. It merely must show a probability that the desired information is relevant and that it would be useful to the Union in carrying out its statutory duties. NLRB v. Acme Industrial Co., 385 U.S. 432, 437 (1967); accord, Florida Steel Corp. v. NLRB, 601 F.2d 125, 129 (4th Cir.1979). The Union is not required to make a prima facie case that a contract violation has occurred, San Diego Newspaper Guild v. NLRB, 548 F.2d 863 (9th Cir.1977), nor must it even have a sound theory for its complaint. Acme at 437. To show the relevance of the desired information, the Union must meet only the usual "discovery-type" standard of relevance. Acme at 437.
 
 
 6
 We recently discussed the Union's burden in Walter N. Yoder & Sons v. NLRB, 754 F.2d 531 (4th Cir.1985), a case that is factually similar to the one at bar. We held there that reports to the Union from its members were sufficient to give the Union a reasonable basis for suspecting a violation of the collective bargaining agreement, and we see no reason to hold otherwise in the present case. As we explained in Yoder at 534, the reports from members were not hearsay because they were not admitted to prove the truth of their contents, but merely to establish that the Union's request was not totally unfounded.
 
 
 7
 Accordingly, the Board's decision is affirmed and enforcement of the Board's order is granted.
 
 
 8
 AFFIRMED and ENFORCEMENT GRANTED.